UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANITA O. CREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 19-3538 (CRC) |
| | ) | |
| MATTHEW E. AMMON, | ) | |
| Acting Secretary, U.S. Department | ) | |
| of Housing and Urban Development, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| KEISHA M. HURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civ. Action No. 20-3123 (CRC) |
| MATTHEW E. AMMON, | ) | |
| Acting Secretary, U.S. Department | ) | |
| of Housing and Urban Development, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT RULE 16 REPORT

The parties respectfully submit this Joint Rule 16 Report[1] and accompanying proposed order, in accordance with the Court's Order of February 1, 2021 (ECF #26), Rule 16, Fed. R. Civ. P., and LCivR 16.3.

---

[1] The parties previously submitted a Joint Rule 16 Report in the Crews matter (ECF #11), which was prepared with the assumption that the cases would be joined for discovery. In its Order for Initial Scheduling Conference (ECF #12), the Court limited the parties to 40 interrogatories, 25 requests for admission, and 10 non-party depositions. As explained in the original Rule 16 Report and in Section III(8)(b) below, plaintiffs seek a total of 15 depositions due to the currently unknown number of persons involved in each of plaintiffs' reasonable accommodation requests and personnel actions, but they are willing to work with defendant to limit the depositions of those persons as much as possible.

I.      **Statement of the Case**

A.      **Plaintiff's Statement:**

Ms. Crews' and Ms. Hurst's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16; and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 et seq. Both plaintiffs are African American females who were formerly employed in the Office of the Chief Human Capital Officer ("OCHCO") of the Department of Housing and Urban Development ("HUD"). Both were targeted for adverse and/or materially adverse employment actions by defendant because of their race, color, and protected EEO and Rehabilitation Act activity. Ms. Crews also was subjected to a discriminatory and retaliatory hostile work environment.

Both Ms. Crews and Ms. Hurst were deeply traumatized working under the supervision of Joseph Sullivan in the Employee and Labor Relations Division of OCHCO. Ms. Crews suffered uncontrollable anxiety and depression despite being under the care of a psychiatrist and taking psychotropic medication. Ms. Hurst suffered emotional breakdowns and hospitalizations, and physical manifestations of the intense stress she was working under, among other deleterious effects. Both women were substantially limited in one or more major life activities, as described in their respective Complaints, and sought reassignment as a Reasonable Accommodation ("RA").

Ms. Crews' RA request was wrongfully denied by her management and, once granted over their objection, was not implemented. Ms. Hurst's initial RA request, although nominally granted, was unreasonably delayed and ultimately not implemented through no fault of Ms. Hurst. Two of her subsequent RA requests were wrongfully denied. Both women suffered tangible harm as a

result of defendant's wrongful denial, unreasonable delay and/or failure to implement their reasonable accommodations.

      **B.**      **Defendant's Statement**:

Regarding the *Crews* case:  Defendant denies that any of the actions at issue were motivated by discriminatory or retaliatory animus, and denies that Plaintiff was subjected to a hostile work environment.  There were legitimate, nondiscriminatory reasons for HUD's actions, including Plaintiff's well-documented poor performance and complaints received from high-level supervisors in other HUD program offices about Plaintiff's performance.  With regard to Plaintiff's reasonable accommodation claims, her requested reassignment to a new supervisor was not a reasonable accommodation within the meaning of the Rehabilitation Act and, in any event, HUD participated in the interactive process in good faith and ultimately granted the requested reassignment.  Finally, Joseph Sullivan, who Plaintiff claims was responsible for all of the actions at issue in this case, was not a proposing, deciding, or reviewing official for any of those actions and did not otherwise direct Keisha Hurst to take those actions.

Regarding the *Hurst* case: Defendant denies that any of the actions at issue were motivated by discriminatory or retaliatory animus. There were legitimate, nondiscriminatory reasons for HUD's actions, including Plaintiff's performance deficiencies during Fiscal Years 2017 and 2018, and her failure to timely ensure repayment of an outstanding balance on her U.S. Government-issued travel card.  With regard to Plaintiff's reasonable accommodation claims, her requested reassignment to a new supervisor was not a reasonable accommodation within the meaning of the Rehabilitation Act and, in any event, HUD participated in the interactive process in good faith and ultimately granted the requested reassignment.  Finally, Joseph Sullivan, who Plaintiff claims was responsible for most or all of the actions at issue in this case, served only as a reviewing official

3

for Plaintiff's performance appraisals, and had no impact on Plaintiff's requests for accommodation.

## II.     Proposed Schedule

The parties jointly propose the following schedule:

| | |
|---|---|
| Initial Disclosures for *Hurst* case | April 1, 2021 |
| Commencement of Discovery for *Hurst* case | May 1, 2021 |
| Motion to Add Parties or Amend Pleadings in *Hurst* | July 1, 2021 |
| Non-Retained Expert Disclosures | July 1, 2021 |
| Retained Expert Disclosures: | August 15, 2021 |
| Responses to Retained Expert Disclosures: | September 15, 2021 |
| Discovery Cut-Off: | October 1, 2021 |
| Post-Discovery Status Conference To Schedule Summary Judgment or Mediation | To be determined by the Court |
| Pretrial Conference | To be determined by the Court |
| Trial | To be determined by the Court |

## III.     Matters Addressed Pursuant to Rule 16 Fed. R. Civ. P., and LCvR 16.3(c)

1.  **Resolution by Dispositive Motion**:  The parties' positions on summary judgment are set forth below in Section 6.

2.  **Joinder/Amendment**:  Plaintiffs do not anticipate moving to amend the *Hurst* Complaint at this time but will follow the schedule listed above in Section II if she does.

3.  **Assignment to a Magistrate Judge**:  Neither party consents to assignment of this case to a magistrate for all purposes.  The parties defer to the Court as to whether such an

assignment is appropriate for discovery purposes in the event a discovery dispute arises.

    4.    <u>Settlement Possibility</u>:  Plaintiffs will engage in settlement discussions at any point in the case when defendant believes that doing so could be productive.  Defendant remains open to receiving a settlement demand from plaintiffs at any time, including before discovery gets underway.

    5.    <u>Alternative Dispute Resolution:</u>  As is true of settlement, Plaintiffs will engage in mediation at any point that defendant believes that mediation could be successful.  Defendant does not believe mediation would be successful prior to discovery or receiving a settlement demand from plaintiffs, but will confer with plaintiffs regarding the possibility of engaging in mediation if it believes that doing so would be likely to succeed.

    6.    <u>Summary Judgment</u>:  Both Ms. Crews and Ms. Hurst anticipate moving for partial summary judgment over claims or elements of claims arising under the Rehabilitation Act.  They take the position that the case cannot be resolved against them by summary judgment.  Defendant anticipates moving for summary judgment with respect to all claims related to Ms. Crews and Ms. Hurst.

    7.    <u>Initial Disclosures:</u> The parties have already exchanged Initial Disclosures in the *Crews* case.  The parties have stipulated to the time for initial disclosures for the *Hurst* case pursuant to Fed. R. Civ. P. 26(a)(1) as set forth in Section II, subject to the approval of the Court.

    8.    <u>Extent of Discovery and Protective Order:</u>

    a.    <u>Discovery Deadline</u>:  The parties jointly propose that the Court set a discovery schedule for this case in accordance with the schedule set forth in Section II.

    b.    <u>Limits on Discovery</u>:  The parties disagree regarding numerical limitations on discovery.  Plaintiffs' position is that because the identities of certain individuals who participated

on HUD's Reasonable Accommodation Committee or played HR support roles in Ms. Hurst's case have not yet been disclosed by defendant, the total number of depositions should be 15 per side, excluding depositions of experts, with each deposition limited to seven hours of testimony except as they may otherwise stipulate or the Court may order.  In the experience of counsel for plaintiffs, even single-plaintiff federal employment cases often require the full 10 depositions contemplated by the Federal Rules due to the large number of persons involved in government decision making. Although a good number of those witnesses will overlap in this case, each plaintiff may need an additional deposition or two for any who do not.  A limit of fifteen depositions per side would still be a conservation of resources over proceeding separately.  Additionally, plaintiffs are amenable to placing an overall time limitation of the length of depositions of the members of HUD's Reasonable Accommodation Committee and servicing HR specialists, once the identities of individuals who played those roles are disclosed by defendant.

      The parties agree that the total number of interrogatories in these consolidated cases should be 40 per side including all discrete subparts, and requests for admission in these consolidated cases should be limited to 25 per side in accordance with the Court's previous discovery order (ECF #12 at ¶4).

      Defendant believes the total number of depositions should be limited to 10 per side, including any deposition of expert witnesses, in accordance with the Court's previous discovery order (ECF #12 at ¶4).  Based on the guidelines contained in the Court's Scheduling Order (ECF #26), Defendant does not believe this case is so complex as to require more than 10 depositions per side.  The mere fact that disclosures have yet to be served does not justify an ex ante departure from the federal rules without a showing of good cause.  Should good cause support Plaintiff's deposition of additional witnesses at a later time, then Plaintiff may confer with Defendant and, if

on HUD's Reasonable Accommodation Committee or played HR support roles in Ms. Hurst's case have not yet been disclosed by defendant, the total number of depositions should be 15 per side, excluding depositions of experts, with each deposition limited to seven hours of testimony except as they may otherwise stipulate or the Court may order. In the experience of counsel for plaintiffs, even single-plaintiff federal employment cases often require the full 10 depositions contemplated by the Federal Rules due to the large number of persons involved in government decision making. Although a good number of those witnesses will overlap in this case, each plaintiff may need an additional deposition or two for any who do not. A limit of fifteen depositions per side would still be a conservation of resources over proceeding separately. Additionally, plaintiffs are amenable to placing an overall time limitation of the length of depositions of the members of HUD's Reasonable Accommodation Committee and servicing HR specialists, once the identities of individuals who played those roles are disclosed by defendant.

The parties agree that the total number of interrogatories in these consolidated cases should be 40 per side including all discrete subparts, and requests for admission in these consolidated cases should be limited to 25 per side in accordance with the Court's previous discovery order (ECF #12 at ¶4).

Defendant believes the total number of depositions should be limited to 10 per side, including any deposition of expert witnesses, in accordance with the Court's previous discovery order (ECF #12 at ¶4). Based on the guidelines contained in the Court's Scheduling Order (ECF #26), Defendant does not believe this case is so complex as to require more than 10 depositions per side. The mere fact that disclosures have yet to be served does not justify an ex ante departure from the federal rules without a showing of good cause. Should good cause support Plaintiff's deposition of additional witnesses at a later time, then Plaintiff may confer with Defendant and, if

no agreement is reached, seek leave of Court. *See* Fed. R. Civ. P. 30(a)(2)(1).

       c.     <u>Protective Order</u>:  The parties have already entered a Protective Order in the Crews matter and will do so for the Hurst matter before discovery commences.

       9.     <u>Preservation of Written and Electronic Information</u>:  Defendant has implemented litigation holds on written and electronic information.  The parties do not anticipate any issues about the sufficiency of those holds.  The parties agree that electronic discovery (e-discovery) documents should be produced in searchable PDF format.  Plaintiffs further request that defendant be required to confer with counsel for plaintiffs about the structure of e-discovery and how it intends to respond to the same, to identify any objections when its responses to e-discovery are made, and that its production of e-discovery be organized and indexed to identify which documents are responsive to which search.

Defendant reports that it discussed electronic discovery with Plaintiff during the parties' discovery conference pursuant to Federal Rule of Civil Procedure 26(f)(3). Defendant fully intends to continue to confer with Plaintiff in good faith in an effort to avoid and resolve any discovery disputes. Defendant sees no basis in the rules or case law, however, for Plaintiff to demand that the Court require Defendant to accept Plaintiff's input about the "structure" of its responses or how it intends to respond to discovery requests before it does, in fact, respond. Nor is Defendant aware of any rule or authority that would require it to index its production accordingly to the searches performed. In any event, the parties discussed the form of production for electronic discovery during the Rule 26(f) conference, and there did not appear to be a disagreement. Defendant will continue to confer with Plaintiff on this issue as necessary.

       10.     <u>Claims of Privilege</u>:  The parties will work cooperatively during discovery to agree on a procedure to assert claims of privilege and exchange privilege logs if they are needed.

11. <u>Expert Witnesses:</u>  Neither party anticipates at this time utilizing an expert witness retained for this litigation.  The parties have included a proposed schedule for the disclosure and provision of reports of retained experts as defined by Rule 26(a)(2)(A-B), Fed. R. Civ. P in Section II, above.

12. <u>Class Actions:</u>  This matter is not a class action.

13. <u>Bifurcation of Liability and Damages:</u>  The parties agree that bifurcation will not be necessary.

14. <u>Date for Pretrial Conference:</u>  The parties propose that the pretrial conference be scheduled following this Court's rulings on any summary judgment motions.

15. <u>Trial Date:</u>  The parties request that the Court schedule a trial date at a status conference after any summary judgment motions are resolved.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
D.C. Bar No. 245100

_____//s//_____
Charlene Bofinger, Esq.
D.C. Bar No. 368879

_____//s//_____
Molly E. Buie, Esq.
D.C. Bar No. 483767

Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiffs

And

MICHAEL R. SHERWIN
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _____/s/_____
Johnny H. Walker, Esq.
 D.C. Bar No. 991325
Thomas Duffey, Esq.
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2575